UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES ELLERT,

Plaintiff,

v. Case No: 6:25-cv-1588-JSS-DCI

YAMAHA MOTOR CORPORATION, U.S.A., INC.,

Defendant.
___________________________________/

**ORDER**

Plaintiff, Charles Ellert, moves for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Dkt. 63.) Defendant, Yamaha Motor Corporation, U.S.A., Inc., opposes the motion. (Dkt. 64.) Upon consideration, for the reasons outlined below, the court grants the motion.

**BACKGROUND**

In August 2025, multiple named Plaintiffs initiated this action individually and on behalf of others similarly situated against Defendant. (Dkt. 1.) Defendant moved to dismiss Plaintiffs' complaint raising multiple arguments, including that the court did not have personal jurisdiction over claims asserted by out-of-state Plaintiffs and that Ellert did not have standing to seek relief related to electric bikes (e-bikes) that he never bought. (Dkt. 33 at 2–3.) Plaintiffs responded to Defendant's motion but did not address Defendant's argument that Ellert lacked standing. (*See* Dkt. 37.) Defendant, with leave of court, replied to Plaintiffs' response. (Dkt. 43.) The parties

also requested oral argument on the motion, (Dkts. 34, 38), which the court granted, (Dkt. 41), and the court held a hearing on the motion on February 19, 2026, (Dkt. 50).

During the hearing, the court asked counsel for Plaintiffs whether Plaintiffs had standing for the unnamed Plaintiffs who purchased different e-bikes. (Dkt. 51 at 34.) Counsel for Plaintiffs responded that the question would be more properly addressed at the class certification stage but that the battery and end cap promised were "universal across all [P]laintiffs," irrespective of which model e-bike they purchased. (Dkt. 51 at 35.) The court granted Defendant's motion to dismiss in part and dismissed the four out-of-state Plaintiffs, leaving only Ellert as a named Plaintiff. (Dkt. 54.) The court also treated Ellert's claims involving e-bikes that he did not purchase as abandoned because he failed to address Defendant's argument on standing in his response. (*Id.* at 16–17.) The court permitted Ellert to amend the complaint. (*Id.* at 29.)

Ellert timely filed an amended complaint, bringing a class action on behalf of himself and others who "purchased a qualifying Yamaha [e]-bike from Yamaha or authorized Yamaha dealers and were not provided with a [f]ree [second] [b]attery after registering their qualifying [e]-[b]ike." (Dkt. 55 at 20.) Defendant moved to dismiss claims in Ellert's amended complaint for failing to comply with the court's previous order. (Dkt. 56.) Specifically, Defendant argued that Ellert's claims on behalf of other qualifying e-bikes were deemed abandoned by the court. (*Id.* at 3.) Ellert responded to the motion, asserting that the court's order did not prohibit him from reasserting claims that he had abandoned. (Dkt. 57.) The court agreed with Ellert that the order

had not prohibited him from reasserting the claim. (Dkt. 58 at 7.) Even so, because Ellert failed to cite any legal authority showing that he should be able to reassert previously abandoned claims, the court dismissed Ellert's claims on behalf of those who purchased a qualifying Yamaha e-bike without prejudice and without leave to amend. (*Id.* at 8.) Because the deadline for amended pleadings expired on January 12, 2026, (Dkt. 44), the court instructed Ellert that he should exclude from the second amended complaint any claims that were not asserted in the amended complaint unless he demonstrates good cause under Federal Rule of Civil Procedure 16(b)(4). (Dkt. 58 at 8–9.)

Ellert moves to submit a second amended complaint including claims on behalf of individuals who purchased a qualifying Yamaha e-bike. (Dkt. 63.) The motion provides legal authority as to why the court should not deem the claims abandoned. (*See id.* at 8–9.) In response, Defendant asserts that the court should not reconsider its decision that Ellert's claims were abandoned. (Dkt. 64 at 3–8.) Defendant further maintains that good cause does not exist, for example because any amendment would be futile. (*Id.* at 8–10.)

## LEGAL STANDARDS

Where "a motion to amend is filed after a scheduling order deadline," Federal Rule of Civil Procedure 16 "is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). Under Rule 16, once the court sets a schedule of case management deadlines, the "schedule may be modified only for good cause and with the [court]'s consent." Fed.

R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotation omitted). Courts look to three factors in assessing diligence: (1) "whether the plaintiff failed to ascertain facts prior to filing the complaint or failed to acquire information during the discovery period," (2) "whether the information supporting the proposed amendment was available to the plaintiff," and (3) "whether, even after acquiring the information, the plaintiff delayed in requesting leave to amend." *Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 616–17 (M.D. Fla. 2015) (citing *Sosa*, 133 F.3d at 1419). If the movant demonstrates good cause, the liberal Rule 15(a) standard is applied, which requires that leave to amend "be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, even when a party demonstrates good cause under Rule 16, a court may deny leave to amend a complaint "where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quotation omitted).

## ANALYSIS

The court first determines whether Ellert has shown good cause to file a second amended complaint. The court then considers whether Ellert's second amended complaint would be subject to dismissal, rendering amendment futile.

**A. Good Cause**

"To establish good cause, the party seeking the extension must have been diligent." *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008). Although Ellert's briefing on standing has been deficient, he has continued to diligently attempt correct the deficiencies and pursue his claims on behalf of the individuals who purchased a qualifying e-bike. Ellert's initial complaint included individuals who purchased a qualifying e-bike. (*See* Dkt. 1 at 26–27.) Despite Ellert's failure to address the issue of standing in his response to Defendant's motion to dismiss (*see* Dkt. 37), he addressed the issue at the hearing on the motion, asserting that class representative standing was proper because the battery and end cap promised were universal across all Plaintiffs, irrespective of which model e-bike they purchased, (Dkt. 51 at 34–35). After the court dismissed the complaint, (Dkt. 54), Ellert timely filed an amended complaint, again bringing claims on behalf of individuals who purchased a qualifying e-bike, (*see* Dkt. 55).

Defendant again moved to dismiss Ellert's claims that were brought on behalf of individuals who purchased a qualifying e-bike. (Dkt. 56 at 2–7.) Ellert's response to Defendant's motion to dismiss argued that he had class representative standing for individuals who purchased a qualifying e-bike. (*See* Dkt. 57 at 7–11.) Even so, the court dismissed the claims because Ellert failed to provide legal authority regarding why the claims were not abandoned. (Dkt. 58.) Less than three weeks later, Ellert moved to amend his complaint. (*See* Dkt. 59.) In his motion, he provided legal authority to support why his claims should not be deemed abandoned. (*See* Dkt. 63 at

6–10). Because Ellert has diligently attempted to cure the deficiencies, the court finds good cause to allow amendment. *See Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-cv-146, 2021 WL 7448222, at *2 (M.D. Fla. Nov. 9, 2021) (finding good cause under Rule 16 where the plaintiff represented that it moved expeditiously after receipt of an order on a motion to dismiss); *Emess Cap., LLC v. Rothstein*, No. 10-60882-CIV, 2012 WL 13001838, at *6 (S.D. Fla. May 2, 2012) (finding good cause under Rule 16 where the court's order indicated that the plaintiff could cure the deficiencies in its complaint and the plaintiff moved to file an amended complaint within six weeks of that order). Further, the court has "a strong policy of determining cases on their merits when reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014)

**B. Futility**

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 n.10 (11th Cir. 2000) (quotation omitted); *see St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999) ("When a district court denies [a] plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."). Leave to amend should be denied based on futility "when the proposed amendment is clearly insufficient." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995); *Martinez v. D2C, LLC*, No. 23-21394-CIV, 2023 WL 6587308, at *4 (S.D. Fla. Oct. 10, 2023) ("Indeed, if a proposed amendment is not clearly futile, then denial of leave to amend is improper."

(quotation omitted)); *Acosta v. Smart Ala., LLC*, No. 1:22-cv-1209, 2023 WL 2447597, at *2 (N.D. Ga. Mar. 10, 2023). Defendant argues that Ellert's amendment is futile because he has abandoned these claims and lacks standing to assert these claims. (Dkt. 64 at 9.)

First, the Eleventh Circuit has rejected the theory that a plaintiff abandons arguments by failing to assert them in response to a motion to dismiss. *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1194 (11th Cir. 2018); *see Boyd v. Peet*, 249 F. App'x 155, 157 (11th Cir. 2007) (finding that the district court erred in holding that the plaintiff abandoned claims by failing to address them in his response to the defendant's motion to dismiss because "at the motion to dismiss stage, the court's review must be limited to the four corners of the complaint"). Thus, the court finds that Ellert is permitted to assert claims on behalf of individuals who purchased a qualifying e-bike in the second amended complaint.[1]

Second, to have class representative standing, Ellert must (1) satisfy the individual standing prerequisites of Article III and (2) show that he is "part of the class and possess the same interest and suffer the same injury as the class members." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008) (quoting *Prado–Steiman ex rel.*

[1] Defendant asserts that the court should not reconsider its decision that Plaintiff abandoned these claims, (Dkt. 64 at 4), but the court may reconsider any portion of its decision until final judgment. *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024). Indeed, "district courts enjoy plenary power to reconsider non-final rulings." *Id.* (emphasis omitted); *see* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

*Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)). Defendant argues that Ellert cannot satisfy the second prong because he does not have standing to bring claims for the e-bikes that he did not purchase. (Dkt. 64 at 7.) In support of this argument, Defendant cites a string of district court cases for the proposition that "[m]any courts in this [d]istrict have interpreted the *Prado-Steiman* holding to signify that plaintiffs do not have standing to bring claims for products that they did not purchase." *See, e.g.*, *Zarfati v. Artsana USA, Inc.*, No. 1:24-cv-21372, 2025 WL 373081, at *8 (S.D. Fla. Jan. 15, 2025). (Dkt. 64 at 7 (collecting cases).) The court notes that the Eleventh Circuit has not interpreted the *Prado-Steiman* holding so narrowly. *See Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1259 (11th Cir. 2023).

According to *Williams*, *Prado-Steiman* held that the district court erred in "granting class certification because it had failed to resolve whether at least one named representative of each class or subclass had standing for each proffered class or subclass claim." *Id.* (alteration adopted and quotation omitted). "[B]ecause the class members had not all been injured by the same violative conduct, or 'bad act[s],' on the part of the defendants, the 'alleged injuries [could] be better addressed through several subclasses rather than one large class.'" *Id.* (first alteration in original) (quoting *Prado-Steiman*, 221 F.3d at 1280–81). The court in *Prado-Steiman* did not conclusively determine whether the named plaintiff had class representative standing; rather, it remanded the case to the district court to "resolve fact-specific questions on that issue." *Id.*

Further, *Williams* found that a named plaintiff could have standing to raise claims relating to a product that he or she did not purchase. *Id.* at 1260. In *Williams*, five named plaintiffs brought a class action suit alleging that the defendant "used false and misleading statements to give consumers the impression that Neuriva and its 'active ingredients' had been clinically tested and proven to improve brain function." *Id.* at 1247. Although each named plaintiff had purchased at least one Neuriva product, none of the plaintiffs alleged that they purchased Neuriva De-Stress specifically. *Id.* at 1248. Even so, some of the defendant's alleged misrepresentations were common to all Neuriva products, and thus, those claims would "target the same conduct by [the defendant], and the injury suffered [would] be identical." *Id.* at 1260 (quotation omitted). Thus, the court found that the named plaintiffs "may well have standing to assert claims based on those misrepresentations on behalf of all absent class members—even those who only purchased Neuriva De-Stress." *Id.* at 1260.

Similarly, in *Fox v. Ritz-Carlton Hotel Company*, the plaintiff brought a class action suit against the defendant, alleging that it engaged in a pattern of deceptive practices by adding automatic gratuities without an adequate disclosure. 977 F.3d 1039, 1043–44 (11th Cir. 2020). Although the named plaintiff had only dined at three of the defendant's restaurants, he filed the class action on behalf of all others who, over the last four years, had paid the illegal automatic gratuity under the hotel's practice at forty-nine Florida restaurants. *Id.* at 1044. The court held that "class representative standing does not necessarily require that the class representative suffer injury at the same place and on the same day as the class members. . . . Rather it requires that the

named plaintiff and class members have the same interest and suffer the same injury." *Id.* at 1047 (quotation omitted). Because the named plaintiff alleged that the defendant employed the same policy across all forty-nine restaurants during the four-year period and that the class members suffered the same injury from the illegal gratuity, the court found that he had class representative standing to bring the claims. *Id.*

Here, Ellert's proposed second amended complaint alleges that the "free second battery and battery end cap [are] identical and function[] the same regardless of which of the applicable e-bikes are purchased." (Dkt. 63-1 at 2.) Additionally, the second amended complaint shows that the advertisement on which Ellert relied applied to many other qualifying e-bikes. (*See id.* at 18.) Accordingly, Ellert could have class representative standing to assert claims on behalf of individuals who purchased one of the qualifying e-bikes from this advertisement because the free-battery promotion applied equally to the qualifying e-bikes and the other class members allegedly suffered the same injury—they did not receive a battery. *See Fox*, 977 F.3d at 1047; *see also Williams*, 65 F.4th at 1260. Because "leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face," the court declines to deny Ellert's motion on this ground. *See Taylor*, 875 F. Supp. at 815; *see also Martinez*, 2023 WL 6587308, at *4 (allowing leave to amend where the proposed amendment was not clearly futile and the defendant failed to show futility); *Island Jay, Inc. v. Moteefe*, No. 8:21-cv-93, 2021 WL 2895496, at *2 (M.D. Fla. July 2, 2021) (holding that the court could not conclusively find that amendment was

futile where facts could show that plaintiff had standing and arguments on standing could be raised in the future).

Moreover, whether individuals who purchased qualifying e-bikes have standing is best addressed in a fully briefed motion to dismiss rather than on a motion for leave to amend. *See Teblum v. Physician Compassionate Care LLC*, No. 2:19-cv-403, 2020 WL 10502588, at *6 (M.D. Fla. Mar. 26, 2020) (finding that arguments on standing "are more appropriately raised on a timely motion to dismiss the next iteration of the complaint"); *see also Acosta*, 2023 WL 2447597, at *3 (deciding that the defendants' "standing argument is one best addressed in a fully briefed motion to dismiss rather than as a futility argument in opposition to a motion for leave to amend"); *MOTDGD Ltd. v. Playwire, LLC*, No. 0:20-cv-60199, 2020 WL 5763464, at *2 (S.D. Fla. Aug. 26, 2020) ("Rather than attempt to address the [d]efendant's arguments regarding standing and statutes of limitations in the context of a motion to amend that will be granted in part regardless, the [c]ourt finds it best to address any remaining arguments in favor of dismissal on a motion to dismiss.").

Lastly, this decision does not decide the issue of standing. Nor does it determine whether Ellert qualifies under Federal Rule of Civil Procedure 23 to represent the class. Whether Ellert has standing as a class representative is an issue distinct from whether he can represent the class under Rule 23. *Mills*, 511 F.3d at 1307; *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1288 (11th Cir. 2001) ("Only after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by

Rule 23(a), to assert the rights of others." (quotation omitted)). Those decisions will be addressed when an appropriate motion is filed.

## CONCLUSION

Accordingly:

1. Plaintiff's motion (Dkt. 63) is **GRANTED**.
2. As immediately as practicable, Plaintiff shall file the proposed second amended complaint (Dkt. 63-1) as a separate docket entry.

**ORDERED** in Orlando, Florida, on November 24, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record